## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JOHN and DEBORAH FLICK, Co-
Adminstrators of the Estate of
VICTORIA C. FLICK, Deceased and
JOHN and DEBORAH FLICK, In
Their Own Right
9 Kenley Court
Bear, Delaware 19706,

        Plaintiffs,

   v.                     CIVIL ACTION NO. 05-109

VAIL PRODUCTS, INC.
235 First Street
Toledo, Ohio 46305

    -and-

CHARLES  H.  ASCHOFF  d/b/a  ALL
AROUND BETTER CARE
459 Nolf Road
Nazareth, Pennsylvania 18064,

       Defendants.

---

### CIVIL ACTION - ANSWER, CROSSCLAIMS, AND AFFIRMATIVE DEFENSES
### OF DEFENDANT CHARLES H. ASCHOFF
### d/b/a ALL AROUND BETTER CARE

---

Defendant CHARLES H. ASCHOFF d/b/a ALL AROUND BETTER CARE
("Aschoff"), by way of Answer to plaintiffs' Complaint and
Demand for Jury Trial ("complaint"), responds and answers as
follows:

## I.   STATEMENT OF THE PARTIES

1.   Aschoff neither admits nor denies the allegations of paragraph 1 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 1 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

2.   Aschoff neither admits nor denies the allegations of paragraph 2 of the complaint, as Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and therefore leaves plaintiffs to their proofs.

3.   Aschoff neither admits nor denies the allegations of paragraph 3 of the complaint, as Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and therefore leaves plaintiffs to their proofs.

4.   Aschoff neither admits nor denies the allegations of paragraph 4 of the complaint, as Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and therefore leaves plaintiffs to their proofs.

5.   Admitted.

6.   Admitted.

2

7.   Aschoff neither admits nor denies the allegations of paragraph 7 of the complaint, as same calls for a legal conclusion, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 7 of the complaint can be construed as constituting factual allegations against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

## II.   STATEMENT OF JURISDICTION AND VENUE

8.   Aschoff neither admits nor denies the allegations of paragraph 8 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 8 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

9.   Aschoff neither admits nor denies the allegations of paragraph 9 of the complaint, as Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and therefore leaves plaintiffs to their proofs.

10.   Aschoff neither admits nor denies the allegations of paragraph 10 of the complaint, as same calls for a legal conclusion, and therefore leaves plaintiffs to their proofs.   To

3

the extent that the allegations in paragraph 10 of the complaint
can be construed as constituting factual allegations against
Aschoff, Aschoff, after reasonable investigation, lacks
sufficient knowledge to admit or deny said allegations and leave
plaintiffs to their proofs.

### III. STATEMENT OF THE CASE

11.   Aschoff neither admits nor denies the allegations of
paragraph 11 of the complaint, as Aschoff, after reasonable
investigation, lacks sufficient knowledge to admit or deny said
allegations and therefore leaves plaintiffs to their proofs.

12.   Aschoff neither admits nor denies the allegations of
paragraph 12 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs.   To
the extent that the allegations in paragraph 12 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leave plaintiffs to their proofs.

13.   To the extent that the allegations in paragraph 13 of
the complaint can be construed as being against Aschoff,
Aschoff, after reasonable investigation, lacks sufficient
knowledge to admit or deny said allegations and leave plaintiffs
to their proofs.

4

14.   To the extent that the allegations in paragraph 14 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leave plaintiffs to their proofs.

15.   Aschoff neither admits nor denies the allegations of paragraph 15 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 15 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leave plaintiffs to their proofs.

16.   Aschoff neither admits nor denies the allegations of paragraph 16 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 16 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

17.   Aschoff neither admits nor denies the allegations of paragraph 17 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 17 of the complaint

5

can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

18.   Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny the allegations in paragraph 18 of the complaint and leaves plaintiffs to their proofs.

19.   Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny the allegations in paragraph 19 of the complaint and leaves plaintiffs to their proofs.

20.   Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny the allegations in paragraph 20 of the complaint and leaves plaintiffs to their proofs.

21.   Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny the allegations in paragraph 21 of the complaint and leaves plaintiffs to their proofs.

22.   Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny the allegations in paragraph 22 of the complaint and leaves plaintiffs to their proofs.

6

23. Aschoff neither admits nor denies the allegations of paragraph 23 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 23 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

24. Aschoff neither admits nor denies the allegations of paragraph 24 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 24 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

25. Aschoff neither admits nor denies the allegations of paragraph 25 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 25 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

26. Aschoff neither admits nor denies the allegations of paragraph 26 of the complaint, as same are not directed to

Aschoff, and therefore leaves plaintiffs to their proofs.    To
the extent that the allegations in paragraph 26 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

27.    Aschoff neither admits nor denies the allegations of
paragraph 27 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs.    To
the extent that the allegations in paragraph 27 of the complaint
can be construed as being against Aschoff, they are denied.

28.    Aschoff neither admits nor denies the allegations of
paragraph 28 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs.    To
the extent that the allegations in paragraph 28 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

29.    Denied.

30.    Denied.

31.    Aschoff, after reasonable investigation, lacks
sufficient knowledge to admit or deny the allegations in
paragraph 31 of the complaint and leaves plaintiffs to their
proofs.

8

## COUNT I

32.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 31 of the complaint, inclusive, as if fully set forth herein at length.

33.   Aschoff neither admits nor denies the allegations of paragraph 33 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 33 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

34.   Aschoff neither admits nor denies the allegations of paragraph 34 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 34 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

35.   Aschoff neither admits nor denies the allegations of paragraph 35 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 35 of the complaint can be construed as being against Aschoff, Aschoff, after

9

reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

36.   Aschoff neither admits nor denies the allegations of paragraph 36 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 36 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

37.   Aschoff neither admits nor denies the allegations of paragraph 37 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 37 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

38.   Aschoff neither admits nor denies the allegations of paragraph 38 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 38 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed with prejudice as against Aschoff, together with an award of counsel fees and costs to Aschoff's counsel and such other and further relief as the Court may deem just.

## COUNT II

39.  Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 38 of the complaint, inclusive, as if fully set forth herein at length.

40.  Aschoff neither admits nor denies the allegations of paragraph 40 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 40 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

41.  Aschoff neither admits nor denies the allegations of paragraph 41 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.  To the extent that the allegations in paragraph 41 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

42.  Aschoff neither admits nor denies the allegations of

11

paragraph 42 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 42 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

43.   Aschoff neither admits nor denies the allegations of paragraph 43 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 43 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

44.   Aschoff neither admits nor denies the allegations of paragraph 44 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 44 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

45.   Aschoff neither admits nor denies the allegations of paragraph 45 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To

12

the extent that the allegations in paragraph 45 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed
with prejudice in its entirety as against Aschoff, together with
an award of counsel fees and costs to Aschoff's counsel and such
other and further relief as the Court may deem just.

## COUNT III

46. Aschoff incorporates by reference his responses to the
allegations contained in paragraphs 1 through 38 of the
complaint, inclusive, as if fully set forth herein at length.

47. Aschoff neither admits nor denies the allegations of
paragraph 47 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs.  To
the extent that the allegations in paragraph 47 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

48. Aschoff neither admits nor denies the allegations of
paragraph 48 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs.  To
the extent that the allegations in paragraph 48 of the complaint

13

can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

49. Aschoff neither admits nor denies the allegations of
paragraph 49 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs. To
the extent that the allegations in paragraph 49 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

50. Aschoff, after reasonable investigation, lacks
sufficient knowledge to admit or deny the allegations in
paragraph 50 of the complaint and leaves plaintiffs to their
proofs.

51. Aschoff neither admits nor denies the allegations of
paragraph 51 of the complaint, as same are not directed to
Aschoff, and therefore leaves plaintiffs to their proofs. To
the extent that the allegations in paragraph 51 of the complaint
can be construed as being against Aschoff, Aschoff, after
reasonable investigation, lacks sufficient knowledge to admit or
deny said allegations and leaves plaintiffs to their proofs.

52. Aschoff neither admits nor denies the allegations of
paragraph 52 of the complaint, as same are not directed to

14

Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 52 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed with prejudice in its entirety as against Aschoff, together with an award of counsel fees and costs to Aschoff's counsel and such other and further relief as the Court may deem just.

## COUNT IV

53.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 52 of the complaint, inclusive, as if fully set forth herein at length.

54.   Aschoff neither admits nor denies the allegations of paragraph 54 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 54 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

55.   Aschoff neither admits nor denies the allegations of paragraph 55 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To

15

the extent that the allegations in paragraph 55 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

56.   Aschoff neither admits nor denies the allegations of paragraph 56 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 56 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed with prejudice in its entirety as against Aschoff, together with an award of counsel fees and costs to Aschoff's counsel and such other and further relief as the Court may deem just.

## COUNT V

57.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 56 of the complaint, inclusive, as if fully set forth herein at length.

58.   Aschoff neither admits nor denies the allegations of paragraph 58 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 58 of the complaint

16

can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

59. Aschoff neither admits nor denies the allegations of paragraph 59 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 59 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

60. Aschoff neither admits nor denies the allegations of paragraph 60 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 60 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

61. Aschoff neither admits nor denies the allegations of paragraph 61 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 61 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or

17

deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed with prejudice in its entirety as against Aschoff, together with an award of counsel fees and costs to Aschoff's counsel and such other and further relief as the Court may deem just.

## COUNT VI

62.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 61 of the complaint, inclusive, as if fully set forth herein at length.

63.   Aschoff neither admits nor denies the allegations of paragraph 63 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 63 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

64.   Aschoff neither admits nor denies the allegations of paragraph 64 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 64 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

65. Aschoff neither admits nor denies the allegations of paragraph 65 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 65 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

66. Aschoff neither admits nor denies the allegations of paragraph 66 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 66 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

67. Aschoff neither admits nor denies the allegations of paragraph 67 of the complaint, as same are not directed to Aschoff, and therefore leaves plaintiffs to their proofs. To the extent that the allegations in paragraph 67 of the complaint can be construed as being against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leaves plaintiffs to their proofs.

WHEREFORE, Aschoff requests that the complaint be dismissed with prejudice in its entirety as against Aschoff, together with

19

an award of counsel fees and costs to Aschoff's counsel and such
other and further relief as the Court may deem just.

## COUNT VII

68.   Aschoff incorporates by reference his responses to the
allegations contained in paragraphs 1 through 67 of the
complaint, inclusive, as if fully set forth herein at length.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Denied.

WHEREFORE, Aschoff requests that the complaint be dismissed
with prejudice in its entirety as against Aschoff, together with
an award of counsel fees and costs to Aschoff's counsel and such
other and further relief as the Court may deem just.

## COUNT VIII

73.   Aschoff incorporates by reference his responses to the
allegations contained in paragraphs 1 through 72 of the
complaint, inclusive, as if fully set forth herein at length.

74.   Denied.

75.   Denied.

WHEREFORE, Aschoff requests that the complaint be dismissed
with prejudice in its entirety as against Aschoff, together with
an award of counsel fees and costs to Aschoff's counsel and such

other and further relief as the Court may deem just.

## FIRST ESTATE CAUSE OF ACTION

76.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 75 of the complaint, inclusive, as if fully set forth herein at length.

77.   Aschoff neither admits nor denies the allegations of paragraph 77 of the complaint, as same calls for a legal conclusion, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 77 of the complaint can be construed as constituting factual allegations against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leave plaintiffs to their proofs.

WHEREFORE, defendants request that the complaint be dismissed with prejudice in its entirety, together with an award of counsel fees and costs to defendants' counsel and such other and further relief as the Court may deem just.

## SECOND ESTATE CAUSE OF ACTION

78.   Aschoff incorporates by reference his responses to the allegations contained in paragraphs 1 through 77 of the complaint, inclusive, as if fully set forth herein at length.

79.   Aschoff neither admits nor denies the allegations of paragraph 79 of the complaint, as same calls for a legal

21

conclusion, and therefore leaves plaintiffs to their proofs.   To the extent that the allegations in paragraph 79 of the complaint can be construed as constituting factual allegations against Aschoff, Aschoff, after reasonable investigation, lacks sufficient knowledge to admit or deny said allegations and leave plaintiffs to their proofs.

WHEREFORE, defendants request that the complaint be dismissed with prejudice in its entirety, together with an award of counsel fees and costs to defendants' counsel and such other and further relief as the Court may deem just.

<b>CROSSCLAIMS</b>

## CONTRACTUAL CROSSCLAIM AGAINST CO-DEFENDANT VAIL PRODUCTS, INC. FOR DEFENSE FEES AND COSTS, AND INDENIFICATION

Aschoff, by way of Contractual Crossclaim against Co-Defendant Vail Products, Inc., alleges and says:

80.   The January 1, 2002 Agreement for Territory Representative constitutes a valid and binding contract between Vail Products, Inc. and Aschoff, and provides in paragraph 17 thereof for Vail to protect and indemnify Aschoff in a suit such as that at bar.

81.   The January 1, 2002 Agreement for Territory Representative between Vail Products, Inc. and Aschoff provides in paragraph 11 thereof for automatic annual renewal of the

contract absent specific delineated circumstances, none of which were applicable to the suit at bar.

82.   Therefore, Vail Products, Inc. owes Aschoff a contractual duty to protect and indemnify him vis-a-vis the suit at bar.

WHEREFORE, demand is made that Vail Products, Inc., pursuant to its contractual obligations, immediately protect and assume responsibility for past, current and future fees and costs associated with the defense of Aschoff, and confirm that Vail Products, Inc. will indemnify Aschoff from any settlement, judgment or Order for payment as against Aschoff and/or All Around Better Care.

## CROSSCLAIM AGAINST CO-DEFENDANT VAIL PRODUCTS, INC. UNDER THE COMMON LAW FOR DEFENSE FEES AND COSTS, AND INDEMNIFICATION

Aschoff, by way of Crossclaim against Co-Defendant Vail Products, Inc. under the Common Law for Defense Fees and Costs, and Indemnification, alleges and says:

83.   As a Territory Representative of Vail Products, Inc., Aschoff is entitled to be protected from any alleged loss and claim, and held harmless by Vail Products, Inc. for any alleged loss or claim.

WHEREFORE, demand is made that Vail Products, Inc., pursuant to its obligations under the common law, immediately

23

protect and assume responsibility for past, current and future fees and costs associated with the defense of Aschoff, and confirm that Vail Products, Inc. will indemnify Aschoff from any settlement, judgment or Order for payment as against Aschoff and/or All Around Better Care.

## CROSSCLAIM AGAINST CO-DEFENDANT VAIL PRODUCTS, INC. FOR CONTRIBUTION

Aschoff, by way of Crossclaim for Contribution against co-defendant Vail Products, Inc., alleges and say:

84.   While maintaining that Aschoff is entitled to full indemnification from co-defendant Vail Products, Inc., and denying any wrongdoing as alleged in the complaint, Aschoff crossclaims against Vail Products, Inc. and states that, should Aschoff be held liable in the above-captioned, action, Aschoff and Vail Products, Inc. are joint tortfeasors and, therefore, demands contribution from Vail Products, Inc. for any judgment that may be entered in the cause on behalf of the plaintiffs.

**WHEREFORE,** Aschoff demands judgment against all other defendants and/or third party defendants in the event of a judgment is rendered against Aschoff.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

85.   The Complaint fails to state a claim or cause of action upon which relief can be granted.

24

## SECOND AFFIRMATIVE DEFENSE

86.   Some or all of plaintiffs' claims may be barred by the expiration of the statutes of limitation applicable to such actions and/or by the doctrine of laches.   Therefore, plaintiffs are not entitled to recovery in this action.

## THIRD AFFIRMATIVE DEFENSE

87.   Aschoff raises as a complete defense to some or all of plaintiffs' claims for damages plaintiffs' assumption of a known risk.

## FOURTH AFFIRMATIVE DEFENSE

88.   There exists no proximate cause between any of plaintiffs' alleged losses and any act or omission on the part of Aschoff.   Therefore, plaintiffs are not entitled to recovery in this action.

## FIFTH AFFIRMATIVE DEFENSE

89.   The acts and/or omissions of other individuals or entities over which Aschoff exercised no control constitute intervening or superseding causes for the losses and damages allegedly sustained by plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

90.   Plaintiffs' alleged losses and damages were solely the result of acts, omissions and/or conduct of other persons or entities over which Aschoff exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

90.   Aschoff believes, and therefore avers, that any of the
damages alleged by the plaintiffs were directly or proximately
caused by John and/or Deborah Flick's own negligence and are
therefore barred.

## EIGHTH AFFIRMATIVE DEFENSE

91.   The losses and/or damages complained over may have
been the direct and proximate result of John and/or Deborah
Flick's  failure to take all reasonable steps to reduce and/or
mitigate the potential for damages.   Therefore, plaintiffs are
not entitled to recovery in this action.

## NINTH AFFIRMATIVE DEFENSE

92.   Plaintiffs have failed to join indispensable parties
required for a proper adjudication of this matter.   Furthermore,
in the alternative, the alleged losses, if any, of the
plaintiffs were caused in whole or in part by the legal fault
and/or negligence of parties other than Aschoff, over whom
Aschoff had no control.

## TENTH AFFIRMATIVE DEFENSE

93.   Plaintiffs lack standing to bring the within cause of
action.

## THIRTEENTH AFFIRMATIVE DEFENSE

94.   With respect to each and every purported cause of

26

action in plaintiffs' complaint, the acts of Aschoff were at all times done in good faith and without malice.

## FOURTEENTH AFFIRMATIVE DEFENSE

95.  Aschoff is entitled to defense and indemnification by co-defendant Vail Products, Inc.

## FIFTEENTH AFFIRMATIVE DEFENSE

96.  Plaintiffs did not purchase the enclosed bed system that is the subject of this litigation based on any act by Aschoff.

## SIXTEENTH AFFIRMATIVE DEFENSE

97.  Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

98.  Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

99.  Aschoff assert that the injuries and/or damages alleged by plaintiffs, if any, happened as a result of a pre-existing condition or conditions which were unrelated to any conduct of Aschoff.

## NINETEENTH AFFIRMATIVE DEFENSE

100. The injuries and/or damages alleged by plaintiffs, if any, may have been caused, in whole or in part, by operation of

27

nature or act of God.

### TWENTIETH AFFIRMATIVE DEFENSE

101. Plaintiffs' alleged injuries and/or damages, if any, were caused by the alteration, unintended use, or misuse of the enclosed bed system which is the subject matter of this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

102. With respect to each and every cause of action, plaintiffs are not entitled to recovery because of the doctrines of contributory and/or comparative negligence and comparative fault.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

103. With respect to each and every cause of action, plaintiffs are not entitled to recover because of failure to mitigate damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

104. With respect to each and every cause of action, plaintiffs are not entitled to recover because of intervening acts and/or omissions of persons or entities other than Aschoff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

105. Plaintiffs are not entitled to exemplary or punitive damages as against Aschoff, and have failed to allege conduct on the part of Aschoff warranting imposition of exemplary or punitive damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

106. Discovery may show that plaintiffs' claims are barred, in whole or in part, by plaintiffs' misuse or abnormal use of the enclosed bed system which is the subject matter of this action and/or the failure to follow product instructions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

107. Plaintiffs' losses, if any, are subject to an offset in the amount of any monies received by plaintiffs by insurer(s).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

108. To the extent that liability as against defendants exists, which is denied, defendants are entitled to offset from the alleged damages any and all settlements, awards or verdicts for future care, maintenance and/or pain and suffering of the decedent Virginia Flick that remained unused at the time of Virginia Flick's death.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

109. Aschoff gives notice that he intends to rely upon such other defenses as may become available or apparent during the course of discovery and therefore reserves his right to amend his pleading(s) to assert such defenses.

### DRINKER BIDDLE & REATH LLP

/s/  Andrew J. Flame
Andrew J. Flame, Esq. (DE 4398)
David P. Primack, Esq. (DE 4449)
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801-1254
Tel: (302) 467-4200
Fax: (302) 467-4201

-and-

**Of Counsel**
Joseph K. Cobuzio, Esquire
TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
Four Gateway Center, 5th Floor
100 Mulberry Street
Newark, N.J. 07102
Tel:  (973) 622-3000
Fax:  (973) 623-7780
Email: jcobuzio@tompkinsmcguire.com