UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN AND DEBORAH FLICK, Co-Administrators Of the Estate of VICTORIA C. FLICK, Deceased and JOHN AND DEBORAH FLICK, In Their Own Right, <br><br> Plaintiffs, <br><br> v. <br><br> VAIL PRODUCTS, INC. and CHARLES H. ASCHOFF d/b/a ALL AROUND BETTER CARE <br><br> Defendants. | C.A. No. 05-109 <br><br> TRIAL BY JURY OF TWELVE DEMANDED <br><br> **E-FILED** |

### ANSWER TO COMPLAINT WITH CROSSCLAIMS
### ON BEHALF OF DEFENDANT VAIL PRODUCTS, INC.

I.  **STATEMENT OF PARTIES**

1. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

2. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

3. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

4. Admitted.

5. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

7. Denied.

-2-

II.  **STATEMENT OF JURISDICTION AND VENUE**

8. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

9. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

10. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

III.  **STATEMENT OF CASE**

11. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12. Admitted.

13. Denied as stated.

14. Admitted, except that it is denied that Vail represented that its enclosed beds would protect children from all injuries.

15. Admitted.

16. Admitted.

17. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

18. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

19. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

20. Admitted.

-3-

21. Admitted, except that it is denied that the only purpose of the side rail was to secure the side canvas against the mattress.

22. Denied.

23. Denied.

24. Denied as stated. Admitted that Vail mailed a retrofit kit and attachment bars to the plaintiffs in July of 2003.

25. Denied.

26. Denied as stated. Admitted that on April 19, 2004, Deborah Flick called Vail and among other things reported that the side rail was not staying up.

27. Denied.

28. Denied.

29. Denied. Admitted that Vail engaged Mr. Aschoff to go to the Flick home and examine the Vail 1000.

30. Denied.

31. After reasonable investigation answering defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

## COUNT I

32. No response is required.

33. Denied as stated. Admitted that Vail had a duty to exercise reasonable care in the design, manufacture and labeling of its Vail 1000 product.

34. Denied.

35. Denied.

36. (a)-(i) Denied.

-4-

37. Denied.

38. Denied.

## COUNT II

39. No response is required.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III

46. No response is required.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT IV

53. No response is required.

54. The first sentence is admitted. The second sentence is denied.

55. Denied.

56. Denied.

-5-

## COUNT V

57. No response is required.

58. Denied as stated. The express warranty given with the product speaks for itself.

59. Denied as stated. The express warranty given with the product speaks for itself.

60. Denied.

61. Denied.

## COUNT VI

62. No response is required.

63. Denied as stated, insofar as Vail does not know what plaintiff means by "complete information." Admitted that Vail had a duty to provide accurate information to the plaintiffs regarding the product.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT VII

68. No response is required.

69. This paragraph is not directed to answering defendant and so no response is required.

70. This paragraph is not directed to answering defendant and so no response is required.

71. Denied.

72. This paragraph is not directed to answering defendant and so no response is required.

## COUNT VIII

73. No response is required.

74. Denied.

75. Denied.

### FIRST CAUSE OF ACTION OF ESTATE OF VICTORIA C. FLICK
### WRONGFUL DEATH

76. No response is required.

77. No response is required.

### SECOND CAUSE OF ACTION OF ESTATE OF VICTORIA C. FLICK
### SURVIVAL ACTION

78. No response is required.

79. No response is required.

### FIRST AFFIRMATIVE DEFENSE

80. Plaintiffs' claims may be barred in whole or in part by plaintiffs own comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

81. Plaintiffs' claims based on strict liability fail to state a claim on relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

82. Plaintiffs' claims may be barred in whole or in part by the applicable statutes of limitation.

-7-

**FOURTH AFFIRMATIVE DEFENSE**

83. The imposition of punitive damages against the defendant would violate his constitutional rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the excessive Fines Clause of the Eighth Amendment to the Constitution of the United States, the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, similar provisions in the Delaware Constitution, and/or the common law, statutes, public policy and court rules of the State of Delaware.

**FIFTH AFFIRMATIVE DEFENSE**

84. Plaintiffs' claims of breach of warranty are barred or limited in whole or in part by the term and conditions of the express written warranty provided with the product at issue.

**SIXTH AFFIRMATIVE DEFENSE**

85. Plaintiffs' damages may have been caused by alteration of the product after it left the custody and control of the defendant.

**CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNITY**

86. Answering defendant denies liability to the plaintiff, but should liability be found, answering defendant requests an apportionment of liability among the defendants and contribution pursuant to 10 *Del. C.* § 6301 et seq.

87. Answering defendant denies liability to the plaintiffs, but should liability be found, answering defendant contends that the co-defendant is primarily liable to the plaintiffs while it is only secondarily liable. Thus, answering defendant is entitled to common law and/or contractual indemnity.

88.  Answering defendant denies liability to the plaintiffs, but should liability be found, answering defendant contends that it is entitled to contractual indemnity from the co-defendant pursuant to the terms and conditions of the "Agreement for Territory Representative-Sales and Rentals" between Vail and All Around Better Care, effective January 1, 2002.

## DENIAL OF ALL CROSS-CLAIMS

89.  Answering defendant denies any cross-claims that have been or may be asserted in this matter.

WHEREFORE, defendant, Vail Products, Inc. demands judgment in its favor and against plaintiffs, including costs of suit.

**WHITE and WILLIAMS LLP**

/s/ JOHN D. BALAGUER
JOHN D. BALAGUER (#2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 467-4501
*Attorney for Defendant, Vail Products, Inc.*

Dated: April 21, 2005